UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ROBINSON, an individual, | Case No. CV09-2454 ODW (RCx) |
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | [~~PROPOSED~~] PROTECTIVE ORDER |
| WAL-MART STORES, INC., a corporation, dba WAL-MART; and DOES 1-100, inclusive, | State Court Complaint Filed: February 26, 2009 |
| Defendants. | |

NOTE: CHANGES MADE BY THE COURT

# [~~PROPOSED~~] ORDER

UPON STIPULATION of the Parties, and For Good Cause Shown,

IT IS HEREBY ORDERED:

1. That good cause exists for the Court to grant the Parties' Stipulation for Protective Order, filed concurrently herewith, that the parties to this action, Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") and Plaintiff Scott Robinson ("Robinson" or "Plaintiff") (collectively "the Parties"), by their respective counsel, have stipulated and requested that the Court enter a mutual protective order pursuant to Fed. R. Civ. P. 26.

2. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

///

Waller Lansden
Dortch & Davis, LLP

3. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the Parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor, specifically including documents from Plaintiff's personnel, medical, and/or workers' compensation files;

(c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors, specifically including documents relating to the medical and/or health information of Plaintiff;

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

4. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best efforts to limit the number of documents designated Confidential.

5. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6. Qualified recipients shall include only the following:

(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case;

(e) The Parties to this litigation, their officers and professional employees; and

(f) The Court and its personnel.

7. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

8. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

9. If either Party objects to the claims that information should be deemed Confidential, that Party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the Parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status, pursuant to, and in compliance with, Local Rule 37. The information shall continue to have Confidential status during the pendency of any such motion.

10. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel, the Parties in this action, or the Court and its employees. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

11. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

1  ///

2        12.    The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

      13.    Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or Party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

      14.    Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

      15.    Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

Dated: _July 9, 2009_____          /S/ Rosalyn M. Chapman
                                          Magistrate Judge of the United States District
                                          Court in the Central District of California